UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:19-08153 JGB ADS               Date:  October 9, 2019

Title:  *Gaspar Medina v. David Baughman, Warden*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

## I.    INTRODUCTION

On September 15, 2019, Gaspar Medina ("Petitioner") constructively filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  [Dkt. No. 1].  Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  See 28 U.S.C. § 1915(e)(2).

For the reasons set forth below, the Petition appears subject to dismissal.  The court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

## II.    NOTICE OF DEFICIENCIES

### A.    **Failure to State a Claim**

A habeas petition may be subject to dismissal if it does not "state facts that point to a real possibility of constitutional error."  Blackledge v. Allison, 431 U.S. 63, 76 n.7 (1977) (citation omitted).  A court may dismiss an action where the allegations are unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see Hines v. Napolitano, No. 07-1816,

2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007) (dismissing petition which contained "unintelligible allegations without any specific federal constitutional grounds for relief"; court need not "engage in a tenuous analysis in order to attempt to identify and make sense of the Petition"). In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relied." Fed. R. Civ. P. 8.

Here, the Petition does not set forth facts that "point to a real possibility of constitutional error" and fails to comply with Rule 8. First, the Petition is largely unintelligible as to the grounds which Petitioner seeks to raise. Petitioner states that he wants "to go home early" and "that [his] case is a perfect self defense." [Dkt. No. 1, pp. 6–7]. However, Petitioner does not assert any claims that he is being held in violation of the Constitution, laws, or treaties of the United States, as required under 28 U.S.C. § 2254(a). Further, the Petition violates Rule 8 of the Federal Rules of Civil Procedure because the Petition is so vague as to leave uncertain the nature of Petitioner's claims. Fed. R. Civ. P. 8. As such, the Petition fails to state a cognizable claim for federal habeas relief and appears subject to summary dismissal.

### B.     **Improper Respondent**

The Petition fails to name a proper respondent but rather lists as defendant, "People". [Dkt. No 1, p.1]. The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." <u>Ortiz v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (<u>as amended</u> May 8, 1996). The proper respondent to a habeas petition is "the person who has custody over the petitioner." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242). "The default rule is that the proper respondent is the warden of the facility where the prisoner is being held." <u>Id.</u> As such, it appears the Court lacks jurisdiction over the Petition as filed.

### III.    **ORDER TO SHOW CAUSE**

Therefore, Petitioner is ORDERED TO SHOW CAUSE in writing **by no later than October 30, 2019** why the Court should not dismiss this action. Petitioner must respond in writing by filing one of the following responses: (a) a clear explanation why

the deficiencies referenced above do not warrant dismissal; (b) a statement that Petitioner would like to move forward with the Petition despite the infirmities noted above; or (c) a First Amended Petition curing the above referenced deficiencies.

If Petitioner elects to proceed under option (c), the amended petition must reflect the same case number as the instant case, be clearly labeled "First Amended Petition," and be filled out completely, including Petitioner's signature under penalty of perjury. An amended petition supersedes the preceding petition, and after amendment, the court will treat all preceding petitions as nonexistent. Thus, the First Amended Petition must be complete in and of itself without reference to the original Petition.

If Petitioner elects to proceed under options (a) or (b), Petitioner is cautioned that proceeding with the Petition as filed will result in a recommendation that the case be dismissed for the reasons stated above. The Court also expressly warns Petitioner that failure to timely file a response to this OSC will result in a recommendation that the case be dismissed without prejudice for failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Initials of Clerk kh